UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:20-cv-00243-SEB-DML |
| S. C., et al. | ) ) ) | |
| Defendants. | ) | |

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This is a declaratory judgment action filed by Plaintiff American Family Mutual Insurance Company ("American Family") seeking a declaration that it has no duty to defend or indemnify Defendant Kenneth Gray or Defendant Holly Jacobs in connection with a lawsuit filed against Mr. Gray and Ms. Jacobs by Tara Robbins, as a parent and next friend of S.C., a minor, alleging negligence claims arising from the alleged sexual assault and molestation of S.C. by Mr. Gray and Ms. Jacobs's failure to protect S.C. from Mr. Gray. This matter is before us for a determination of Plaintiff's obligations under the insurance contracts as framed in its Motion for Summary Judgment [Dkt. 40], filed on January 14, 2022. For the reasons detailed below, we <u>GRANT</u> Plaintiff's motion.

## Factual Background

### I.    The Underlying Civil Lawsuit

On June 12, 2020, Ms. Robbins, as a parent and next friend of S.C., filed an action against Mr. Gray and Ms. Jacobs in Clark Superior Court (the "Underlying Litigation").

The operative complaint in the Underlying Litigation is the amended complaint filed on January 11, 2021, which claims (in Count I) that S.C. was hired to babysit for Mr. Gray and Ms. Jacobs's children at the home they occupied with Ms. Jacobs's parents located at 220 Kewanna Drive, Jeffersonville, Indiana, starting on the evening of June 8, 2019, and lasting into the early morning of June 9, 2019. Mr. Gray is alleged to have returned to their home on June 9, 2021 in a "highly intoxicated state" and proceeded with negligence and reckless disregard for S.C.'s rights, to sexually assault and sexually molest her.[1] Count II of the amended complaint alleges that Ms. Jacobs was negligent in failing to protect S.C. from being sexually assaulted and sexually molested by Mr. Gray.

As a result of Mr. Gray's and Ms. Jacobs's alleged negligence, S.C. seeks payment from them for medical expenses, personal injury, personal and emotional suffering, both in the past and continuing into the future, and for Ms. Robbins's loss of her child's services, love, and companionship, and medical expenses. The prayer for relief in the Underlying Litigation requests both compensatory and punitive damages.

American Family was notified of the Underlying Action on July 9, 2020. After investigating coverage issues, American Family determined that it had issued to Ms. Jacobs's biological parents, Ronnie and Catherine Jacobs, two insurance policies potentially relevant to the Underlying Litigation: Policy No. 13-025507-01, effective March 4, 2019 to March 4, 2020 (the "Homeowners Policy"), and Policy No. 13-U26594-

---

[1] On June 9, 2019, Mr. Gray was charged with child molestation under Indiana Code § 35-42-4-3(a)(F)(1) in Clark Circuit Court. The criminal case against Mr. Gray remains pending under Cause No. 10C04-1910-FI-000005 with a jury trial currently set for October 25, 2022.

01, effective November 4, 2018 to November 4, 2019 (the "Umbrella Policy").  Because

Mr. Gray has never been married to Ms. Jacobs and is not related in any other way to the

named insureds, American Family denied that it has a duty to defend or indemnify him in

a letter dated November 16, 2020.  However, American Family agreed to defend Ms.

Jacobs under a reservation of rights as documented by letter dated November 16, 2020.

American Family has filed this lawsuit to secure a judicial determination of its

obligations under the insurance contract to defend and/or indemnify Mr. Gray or Ms.

Jacobs.

## II.      American Family's Homeowners Insurance Policy

The Homeowners Policy issued by American Family to Ms. Jacobs's parents

provides in pertinent part:

**LIABILITY COVERAGES – SECTION II**

**COVERAGE D – PERSONAL LIABILITY COVERAGE**

**We** will pay, up to **our limit**, compensatory damages for which any **insured**
is legally liable because of **bodily injury** or **property damage** caused by an
**occurrence** covered by this policy.

**Defense Provision.**

If a suit is brought against any **insured** for damages because of **bodily injury**
or **property damage** caused by an **occurrence** to which this policy applies,
**we** will provide a defense at **our** expense by counsel of **our** choice.  **We** will
defend any suit or settle any claim for damages payable under this policy as
**we** think proper.

**OUR** OBLIGATION TO DEFEND ANY CLAIM OR SUIT ENDS WHEN
THE AMOUNT **WE** HAVE PAID FOR DAMAGES RESULTING FROM
THE **OCCURRENCE** EQUALS **OUR LIMIT**.

Dkt. 1-2, Exh. B.

The Homeowners Policy includes the following definitions relevant to this action:

**DEFINITIONS**

**The following words in this policy have defined meanings[.] [T]hey will be printed in bold type.**

1. **Bodily Injury** means bodily harm, sickness or disease.  It includes resulting loss of service, required care and death.

   **Bodily injury** does not include:

   a. any of the following which are communicable: disease, bacteria, parasite, virus or other organism which are transmitted by any **insured** to any other person;

   b. the exposure to any such communicable disease, bacteria, parasite, virus or other organism; or

   c. emotional or mental distress, mental anguish, mental injury, or any similar injury unless it arises out of actual bodily harm to the person.

   \*\*\*

5. **Insured**

   a. **Insured** means **you** and, if residents of **your** household:

      (1) **your** relatives; and

      (2) any other person under the age of 21 in **your** care or in the care of **your** resident relatives.

   \*\*\*

7. **Limit** means the limit of liability that applies for the coverage.

   \*\*\*

9. **Occurrence** means an accident, including exposure to conditions, which results during the policy period, in:

   a. **bodily injury**; …

4

***

14. **You** and **your** refer to the person or people shown as the named **insured** in the Declarations.  These words also refer to **your** spouse who is a resident of **your** household.

Dkt. 1-2, Exh. B.

The Homeowners Policy includes the following exclusion:

**EXCLUSIONS – SECTION II**

17. **Violation of Law.  We** will not cover **bodily injury** or **property damage** arising out of:

    a.  violation of any criminal law for which any **insured** is convicted;

    b.  violation of any building or housing code for which any **insured** is convicted; or

    c.  violation of any criminal law for which any **insured** is not convicted due to mental incapacity.

Dkt. 1-2, Exh. B.

The Homeowners Policy also includes the following language as amended in the

Indiana Amendatory Endorsement:

**Coverage D – Personal Liability and Coverage E – Medical Expense** do not apply to:

**Sexual Molestation or Misconduct, Corporal Punishment, Physical or Mental Abuse.**

**We** will not cover **bodily injury** and **property damage** arising out of or resulting from sexual molestation or misconduct, corporal punishment, physical and mental abuse.

a.  This includes any actual or alleged:

    (1) sexual molestation or misconduct by any **insured:**

5

(a) including but not limited to personal interaction or photographic, video, or any other display of sexual activity;

(b) regardless of whether or not consent is given;

(2) corporal punishment; or

(3) physical or mental abuse resulting from acts or omissions of any **insured**.

b.  This exclusion applies regardless of:

(1) intent to cause injury; or

(2) the theory of relief pursued, asserted, or claimed by anyone seeking compensation under this policy.

***

**Expected or Intended.  We** will not cover **bodily injury** or **property damage** arising out of an expected or intended action or omission.

a.  This includes any type of **bodily injury** or **property damage** that an **insured**:

(1) intends; or

(2) may expect to result from any intentional act or omission.

b.  This exclusion applies even if the **bodily injury** or **property damage** is:

(1) of a different kind, quality, or degree than intended;

(2) to a different person or property than intended;

(3) the result of a willful and malicious act, no matter an whom the act was directed;

(4) unexpected or unforeseen by the person injured or the owner of the property damaged; or

(5) sustained regardless of whether an **insured**;

(a) is under the influence of alcohol or any controlled substance;

(b) lacks the mental capacity to govern his or her conduct; or

(c) is deemed not to have had the mental capacity to form the legal intent to commit the act or omission.

c. This exclusion applies regardless of the theory of relief pursued, asserted, or claimed by anyone seeking compensation under this policy.

*** 

**Punitive, Statutorily Imposed, or Court Ordered Damages.  We** will not cover punitive, statutorily imposed, or court ordered damages.  This includes any Personal Liability for:

a. punitive, exemplary, statutorily imposed, multiple, or aggravated damages;

b. fines, penalties, or court ordered restitution; or

c. awarded or statutorily mandated attorney fees related to a. or b. above.

Dkt. 1-2, Exh. B.

**III.    American Family's Umbrella Insurance Policy**

The Umbrella Policy, as amended by the Indiana Personal Liability Endorsement,

provides in pertinent part as follows:

### INSURING AGREEMENT

**We** provide this policy in return for the premium **you** pay.  The Application, Declarations and all Endorsements are part of this policy.  **You** represent the statements in **your** application are true.  **We** provide this policy on the condition that **your** statements are true.  **We** may void this policy if **you** make, with intent to deceive, any material statements that **we** rely on.  **You** and all **insureds** must comply with policy terms.  This includes maintaining all Required **Underlying Insurance Limits**.  Any failure to comply with the policy terms by **you** or any other **insured** will affect coverage.

**PERSONAL LIABILITY COVERAGE**

1. **Bodily Injury or Property Damage.  We** will pay, up to **our limit**, compensatory damages for which an **insured** becomes liable for **bodily injury** or **property damage** caused by an **occurrence** covered by this policy;

2. **Personal Injury.  We** will pay, up to the remaining amount of the **Personal Injury** Aggregate **Limit** shown in the Declarations, compensatory damages for which an **insured** becomes legally liable for **personal injury** caused by an **occurrence** covered by this policy, and arising out of one or more offenses listed in the definition of **personal injury;** ….

\*\*\*

**DEFENSE PROVISION**

If a suit is brought against an **insured** for damages because of **injury** caused by an **occurrence** to which this policy applies, **we** will provide a defense at **our** expense by counsel of **our** choice.

HOWEVER, **WE** ARE NOT OBLIGATED TO DEFEND IF:

1. THE **OCCURRENCE** IS COVERED BY OTHER INSURANCE AVAILABLE TO AN **INSURED**; OR

2. THERE IS NO APPLICABLE **UNDERLYING INSURANCE** IN EFFECT AT THE TIME OF THE **OCCURRENCE** AND THE AMOUNT OF DAMAGES CLAIMED OR INCURRED IS LESS THAN THE APPLICABLE **PRIMARY LIMIT** SHOWN IN THE DECLARATIONS OF THIS POLICY.

**We** may join, at **our** expense, with the **insured** or any insurer providing **underlying insurance** in the investigation, defense or settlement of any claim or suit which **we** believe may require payment under this policy. However, **we** will not contribute to the costs and expenses incurred by an insurer providing **underlying insurance**.

**OUR** DUTY TO DEFEND ENDS WHEN THE AMOUNT **WE** HAVE PAID FOR DAMAGES RESULTING FROM THE **OCCURRENCE** EQUALS **OUR LIMIT**.

Dkt. 1-3, Exh. C.

The Umbrella Policy contains the following relevant definitions:

**DEFINITIONS**

**When the following words in this policy have defined meanings, they will be printed in bold type.**

**Bodily Injury** means the definition in the applicable **underlying insurance** that applies to the loss.

In the event there is no applicable **underlying insurance, bodily injury** means physical injury, sickness, disease, or death of any person.  It includes resulting loss of services, loss of consortium, and required care.

***

**Occurrence** means:

a.      Under Personal Liability Coverage, an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in **bodily injury** or **property damage**;

***

**Insured** means:

a.      The **named insured**;

b.      **Your relatives**;

***

**Relative** means a residence of **your** household who is:

a.      Related to **you** by blood, marriage or adoption, including **your** ward or foster child;

b.      Any other person under the age of 21 who is in **your** care or the care of **your** residence **relative**.

***

**Underlying Insurance** means any policy providing the **insured** with initial or primary liability insurance covering one or more of the types of liability listed in the Schedule of **underlying insurance** in the declarations.

Dkt. 1-3, Exh. C.

The Umbrella Policy as amended by the Indiana Personal Liability Endorsement

contains the following exclusions:

## EXCLUSIONS

***

**Violation of Law.  We** will not cover **injury** arising out of violation of a penal law or ordinance by or with the knowledge or consent of an **insured** when an **insured** is convicted of such violation.

***

**Aggression.  We** will not cover **injury** arising out of any aggressive activity, harassment, or bullying committed by the **insured** by any means.

***

**Expected or Intended.  We** will not cover **injury** arising out of an expected or intended act or omission.

a.    This includes any type of **injury** that an **insured**:

   (1)    Intends; or

   (2)    May expect to result from any intentional act or omission.

b.    This exclusion applies even if the **injury** is:

   (1)    Of a different kind, quality or degree than intended;

   (2)    To a different person or property than intended;

   (3)    The result of a willful and malicious act, no matter at whom the act was directed;

   (4)    Unexpected or unforeseen by the person injured or the owner of the property damaged, or

     (5)     Sustained regardless of whether an **insured**:

          (a)     Is under the influence of alcohol or any controlled substance;

          (b)     Lacks the mental capacity to govern his or her conduct; or

          (c)     Is deemed not to have the mental capacity to form the legal intent to commit the act or omission.

c.     This exclusion applies regardless of the theory of relief pursued, asserted, or claimed by anyone seeking compensation under this policy.

However, this exclusion does not apply when the loss arises out of the use of reasonable force by an **insured** to protect persons or property.

***

**Punitive, Statutorily Imposed, or Court Ordered Damages.  We** will not cover punitive, statutorily imposed, or court ordered damages.

This includes any Personal Liability for:

a.     Punitive, exemplary, statutorily imposed, multiple, or aggravated damages;

b.     Fines, penalties, or court ordered restitution; or

c.     Awarded or statutorily mandated attorney fees related to a. or b. above.

**Sexual Molestation or Misconduct, Corporal Punishment, Physical or Mental Abuse.  We** will not cover **injury** arising out of or resulting from sexual molestation or misconduct, corporal punishment, physical or mental abuse.

a.     This includes any actual or alleged:

     (1)     Sexual molestation or misconduct by any **insured**:

          (a)     Including but not limited to personal interaction or

11

photographic, video, or any other display of sexual activity;

    (b)    Regardless of whether or not consent is given;

  (2)    Corporal punishment; or

  (3)    Physical or mental abuse resulting from acts or omissions of any **insured**.

  b.    This exclusion applies regardless of:

    (1)    Intent to cause **injury**; or

    (2)    The theory of relief pursued, asserted, or claimed by anyone seeking compensation under this policy.

**Violation of Law.  We** will not cover **injury** arising out of violation of any criminal law for which any **insured**:

  a.    Is convicted or adjudicated; or

  b.    Due to mental incapacity, disease, or defect is either not convicted or convicted of a lesser charge.

This exclusion applies even if an **insured** lacks the mental capacity to govern his or her conduct.

However, this exclusion does not apply to the extent that such **injury** is covered by the underlying **insurance** at the time of the **occurrence** or offense, and the **injury** is covered by valid and collectible **underlying insurance** for the full Minimum Required Underlying **Limits** shown in the Declarations.

Dkt. 1-3, Exh. C.

As amended by Indiana Personal Liability Endorsement, the Umbrella

Policy also includes the following language:

**Limit of Liability**

***

    c.    Subject to a., and be., the **Limit** of Liability is the most **we** will pay for all damages because of **bodily injury** and **property damage**, and/or **personal injury** offenses, and/or loss assessments resulting from any one **occurrence** regardless of the number of:

    (1)    **Insureds**;

***

    (9)    Exposures or premiums shown in the Declarations. **Our limit is in excess of your primary limit**.

Dkt. 1-3, Exh. C.

## IV.   The Instant Litigation

On December 3, 2020, American Family filed its complaint for declaratory judgment, seeking a declaration that it has no duty to defend or indemnify Mr. Gray or Ms. Jacobs in the Underlying Lawsuit. American Family now seeks summary judgment in its favor on its complaint.

<u>**Legal Analysis**</u>

## I.   Summary Judgment Standard

Summary judgment is appropriate where there are no genuine disputes of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A court must grant a motion for summary judgment if it appears that no reasonable trier of fact could find in favor of the nonmovant on the basis of the designated admissible evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). We neither weigh the evidence nor evaluate the credibility of witnesses, *id.* at 255, but view the facts and the reasonable inferences

13

flowing from them in the light most favorable to the nonmovant.  *McConnell v. McKillip*, 573 F. Supp. 2d 1090, 1097 (S.D. Ind. 2008).

## II.    Interpretation of Insurance Contracts Under Indiana Law

There is no dispute that Indiana law governs the outcome and analysis of this case. In an insurance policy dispute under Indiana law, "the insured has the burden of proving that the coverage applies, and the insurer, if relying on an exclusion to deny coverage, has the burden of demonstrating that the exclusion is applicable." *Bowman, Heintz, Boscia & Vician, P.C. v. Valiant Ins. Co.*, 35 F. Supp. 3d 1015, 1023 (N.D. Ind 2014) (quotation marks and citation omitted).  The interpretation of an insurance policy entails a matter of law. *Westfield Companies v. Knapp*, 804 N.E.2d 1270, 1273–74 (Ind. Ct. App. 2004). Insurance contract provisions are subject to the same rules of construction as other contracts.  Thus, courts must construe insurance policies "as a whole, rather than considering individual words, phrases or paragraphs." *Id.* at 1274.  If the contract language is clear and unambiguous, it should be given its plain and ordinary meaning. *Newman Mfg., Inc. v. Transcon. Ins. Co.*, 871 N.E.2d 396, 401 (Ind. Ct. App. 2007). Additionally, "[i]nsurance companies are free to limit their liability, so long as they do so in a manner consistent with public policy as reflected by case or statutory law." *Gheae v. Founders Ins. Co.*, 854 N.E.2d 419, 423 (Ind. Ct. App. 2006).  Thus, "[a]n insurance policy that is unambiguous must be enforced according to its terms, even those terms that limit an insurer's liability." *Haag v. Castro*, 959 N.E.2d 819, 824 (Ind. 2012) (quoting *Property-Owners Ins. Co. v. Ted's Tavern, Inc.*, 853 N.E.2d 973, 978 (Ind. Ct. App. 2006)).

Under Indiana law, "an insurer's duty to defend its insureds is broader than its coverage for liability or duty to indemnify." *Indiana Farmers Mut. Ins. Co. v. Ellison*, 679 N.E.2d 1378, 1381–82 (Ind. Ct. App. 1997), *trans. denied*.  In order to determine whether an insurer has a duty to defend, Indiana courts look to the allegations contained within the complaint as well as to those facts known or ascertainable by the insurer after a reasonable investigation. *Jim Barna Log Sys. Midwest, Inc. v. General Cas. Ins. Co. of Wisconsin*, 791 N.E.2d 816, 823 (Ind. Ct. App. 2003).  The complaint's allegations "give rise to a duty to defend whenever, if proved true, coverage would attach." *Federal Ins. Co. v. Stroh Brewing Co.*, 127 F.3d 563, 566 (7th Cir. 1997).  However, "[w]hen the underlying factual basis of the complaint, even if proved true, would not result in liability under the insurance policy, the insurance company can properly refuse to defend." *Wayne Twp. Bd. of Sch. Comm'rs v. Indiana Ins. Co.*, 650 N.E.2d 1205, 1208 (Ind. Ct. App. 1995).

## III.  Discussion

### A.  Duty to Defend/Indemnify Defendant Gray

American Family maintains that it has no duty to defend or indemnify Mr. Gray in the Underlying Litigation because he is not an "insured" under the Homeowners Policy or the Umbrella Policy, and, even if he did so qualify, the acts he is alleged to have committed in the Underlying Action do not constitute an "occurrence" and/or are excluded from coverage under the Policies.  We can dispense quickly with American Family's motion as applied to Mr. Gray as all parties agree that Mr. Gray does not qualify as an "insured" under either the Homeowners Policy or the Umbrella Policy issued by

American Family to Ms. Jacobs's parents.  American Family therefore has no duty to defend or indemnify Mr. Gray in the Underlying Litigation and is thus entitled to summary judgment in its favor and against Mr. Gray in this declaratory judgment action.

### B.  Duty to Defend/Indemnify Defendant Jacobs

We turn next to address American Family's obligations to Ms. Jacobs under the Homeowners and Umbrella Policies.  American Family concedes for purposes of deciding this summary judgment motion that Ms. Jacobs qualifies as an "insured" and that the acts and/or omissions she is alleged to have committed in the Underlying Litigation constitute an "occurrence" under both Policies.  American Family argues that it is nonetheless entitled to a declaration that it has no duty to defend or indemnify Ms. Jacobs because the exclusion in the Policies relative to sexual molestation or misconduct (the "Sexual Molestation Exclusion"), which excludes from coverage "bodily injury … arising out of or resulting from sexual molestation or misconduct …," (Dkt. 29-2 at 34; Dkt. 29-3 at 17), unambiguously bars all coverage for the negligence claim asserted against Ms. Jacobs in the Underlying Litigation based on her alleged failure to protect S.C. from the sexual molestation allegedly committed by Mr. Gray.

Defendants rejoin that American Family's reliance on the Sexual Molestation Exclusion is misplaced[2] because the insurer ignores additional limiting language in the

---

[2] Defendants alternatively argue that the Policies' failure to specifically state in their respective definition sections that "bodily injury" excludes "sexual molestation by *any* person" is fatal to American Family's claim.  However, Defendants do not cite, nor are we aware, of any requirement that exclusions of coverage must be included in the definition of "bodily injury." Rather, the exclusion section of an insurance policy may limit or eliminate certain aspects of coverage otherwise found in the insuring agreement, which is the approach American Family

exclusion providing in relevant part that "[t]his includes any actual or alleged … sexual molestation or misconduct by any **insured** … including but not limited to personal interaction or photographic, video, or any other display of sexual activity … regardless of whether or not consent is given …." Dkt. 29-2 at 34; Dkt. 29-3 at 17 (emphasis in original). When read as a whole, Defendants say, the Sexual Molestation Exclusion unambiguously excludes coverage for bodily injury arising from sexual molestation only if committed *by the insured*; thus, the Policies do not exclude coverage for the negligence claim asserted against Ms. Jacobs in the Underlying Litigation because she is not personally alleged to have sexually molested S.C. Defendants argue that, even if the Court finds that the policy language at issue is ambiguous, any ambiguity must be resolved in favor of the insured and American Family's summary judgment motion and request for declaratory judgment must therefore be denied.

Upon careful consideration of the various policy provisions and the applicable case law, we find that American Family has met its burden to establish that the Sexual Molestation Exclusion unambiguously excludes coverage for claims against an insured resulting from bodily injury caused by sexual molestation or misconduct, regardless of who is alleged to have committed the sexual molestation or misconduct and regardless of

---

took here by including a separate exclusion for sexual molestation and misconduct. *See Gheae v. Founders Ins. Co.*, 854 N.E.2d 419, 421 (Ind. Ct. App. 2006); *West Bend Mut. v. Keaton*, 755 N.E.2d 652, 654 (Ind. Ct. App. 2001). Accordingly, the fact that the Policies' definition of "bodily injury" does not specify that it excludes injury from sexual molestation or misconduct is not dispositive, and we reject Defendants' argument otherwise.

the theory of liability alleged against the insured.  As noted, the exclusion provision in its

entirety states as follows:

> **We** will not cover **bodily injury** and **property damage** arising out of or resulting from sexual molestation or misconduct, corporal punishment, physical and mental abuse.
>
>    a.   This includes any actual or alleged:
>
>       (1)   sexual molestation or misconduct by any **insured:**
>
>          (a) including but not limited to personal interaction or photographic, video, or any other display of sexual activity;
>
>          (b) regardless of whether or not consent is given;
>
>       (2)   corporal punishment; or
>
>       (3)   physical or mental abuse resulting from acts or omissions of any **insured**.
>
>    b.   This exclusion applies regardless of:
>
>       (1)   intent to cause injury; or
>
>       (2)   the theory of relief pursued, asserted, or claimed by anyone seeking compensation under this policy.

Dkt. 1-2, Exh. B.

The first sentence of the Sexual Molestation Exclusion clearly and unambiguously

excludes coverage for bodily injury "arising out of" or "resulting from" sexual

molestation or misconduct, without reference to any limitation as to who committed the

act of molestation.  Courts interpreting sexual molestation exclusions with virtually

identical policy language as contained in this first sentence have consistently held that

such exclusions unambiguously exclude coverage for negligence claims brought against

18

insureds who, like Ms. Jacobs, are sued for failing to prevent sexual molestation perpetrated by a third party. *See, e.g.*, *Westfield Ins. Co. v. Hill*, 790 F. Supp. 2d 855, 864 (N.D. Ind. 2011) (holding that policy language excluding from coverage "bodily injury … arising out of sexual molestation" "remove[s] from coverage *an entire category* of injuries; *i.e.*, those arising out of sexual acts …'regardless of the identity of the actual perpetrator of the sexual offense'") (collecting cases). Such claims "aris[e] out of or result[] from" sexual molestation because there is a "clear nexus" between the claim and the alleged improper touching such that without the alleged sexual molestation "there would be no damages, no lawsuit and no negligence claim." *Id.* at 866. As in *Hill*, the failure to protect allegation asserted against Ms. Jacobs in the Underlying Litigation does not include "bodily injury" separate from the alleged acts of sexual molestation allegedly committed by Mr. Gray. Accordingly, the injury alleged in the Underlying Litigation without a doubt "aris[es] out of or result[s] from" alleged sexual molestation.

The only question remaining, then, is whether, as Defendants contend, the additional language in the Sexual Molestation Exclusion specifying that "[t]his includes any actual or alleged … molestation or misconduct by any **insured** …" has the effect of narrowing the meaning of the exclusion such that it could be understood to exclude only those claims that arise out of sexual molestation *by the insured*. We do not believe this language can fairly and accurately be so interpreted. Reading the exclusion as a whole, it is clear that this additional language is merely illustrative, providing examples of types of behaviors that are encompassed within the broad exclusion, as opposed to comprising an exhaustive list of examples of such conduct.

As American Family argues, courts have long recognized that use of the words "includes" or "including" in an insurance contract and otherwise generally implies that whatever follows is not an exhaustive or exclusive list.  *E.g.*, *Fed. Land Bank v. Bismarck Lumber Co.*, 314 U.S. 95, 100 (1941) (noting that the word "including" is not "one of all-embracing definition but connotes simply an illustrative application of the general principle"); *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 577 (1994) (use of the term "including" indicates the "'illustrative and not limitative' function of the examples given"); *DIRECTV, Inc. v. Crespin*, 224 Fed. App'x 741, 748 (10th Cir. 2007) (generally, "include" introduces "an illustrative—and non-exclusive—list"); *Cox v. City of Dallas*, 256 F.3d 281, 293 (5th Cir. 2001) (collecting cases citing that "including" is illustrative and nonexhaustive); *In re Order for Payment of Attorney Fees, Reimbursement of Expenses*, 7 N.E.3d 289, 293 (Ind. Ct. App. 2014) (observing that "the term 'include' signals that the list that follows is meant to be illustrative rather than exhaustive"); *People v. Perry*, 864 N.E.2d 196, 208–09 (Ill. 2007) (finding that the plain and ordinary meaning of "include" is illustrative not exhaustive, even in the absence of additional clarifying verbiage such as "but not limited to").  Defendants have failed to present any argument or supportive authority for why the Court should deviate from this generally accepted understanding of the meaning of the word "includes" in interpreting the policy language at issue here.

Our conclusion that "includes" is illustrative—not exhaustive—and that the exclusion encompasses the type of negligence claim as is alleged against Ms. Jacobs in the Underlying Litigation is buttressed by the fact that the Sexual Molestation Exclusion

specifically states that the exclusion applies "regardless of … the theory of relief pursued, asserted, or claimed by anyone seeking compensation …" under the Policies.  For these reasons, we hold that the Sexual Molestation Exclusion clearly and unambiguously excludes coverage for the negligence claim alleged against Ms. Jacobs in the Underlying Litigation that is based on her alleged failure to protect S.C. from the acts of sexual molestation allegedly committed by Mr. Gray.  American Family is therefore entitled to summary judgment and a declaration that it owes no duty to defend or indemnify Ms. Jacobs in the Underlying Litigation.

## IV.  Conclusion

For the reasons detailed above, we <u>GRANT</u> Plaintiff's Motion for Summary Judgment on its request for declaratory relief and find the following:

(1) That Policy No. 12-025507-01 effective March 4, 2019 to March 4, 2020 extends no duty to defend Mr. Gray or Ms. Jacobs in the Underlying Litigation and the defense of Ms. Jacobs may be withdrawn;

(2) That Policy No. 13-025507-01 effective March 4, 2019 to March 4, 2020 provides no coverage for the potential liability of Mr. Gray or Ms. Jacobs in the Underlying Litigation;

(3) That Policy No. 13-025507-01 effective March 4, 2019 to March 4, 2020 provides no duty to pay any judgment which may be awarded in favor of S.C. against Mr. Gray or Ms. Jacobs in the Underlying Litigation;

(4) That Policy No. 13-U26594-01 effective November 4, 2018 to November 4, 2019 extends no duty to defend Mr. Gray or Ms. Jacobs in the Underlying Litigation;

(5) That Policy No. 13-U26594-01 effective November 4, 2018 to November 4, 2019

provides no coverage for the potential liability of Mr. Gray or Ms. Jacobs in the

Underlying Litigation; and

(6) That Policy No. 13-U26594-01 effective November 4, 2018 to November 4, 2019

provides no duty to pay any judgment which may be awarded in favor of S.C.

against Mr. Gray or Ms. Jacobs in the Underlying Litigation.

Final judgment shall be entered accordingly.

IT IS SO ORDERED.

Date: _____5/10/2022_____          _Sarah Evans Barker_____

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jeremy Bart McMahon
jbartmc@mac.com

Ginny L. Peterson
KIGHTLINGER & GRAY, LLP (Indianapolis)
gpeterson@k-glaw.com

Scott Thomas Roby
SCOTT T. ROBY, ATTORNEY AT LAW, PSC
sroby@srobylaw.com

Jeffrey T. Sampson
THE SAMPSON LAW FIRM
jeff@slftrial.com